CASE 94—PETITION EQUITY—OCTOBER 25.

# Springfield v. Bethel, Guardian.

### APPEAL FROM DAVEISS CIRCUIT COURT.

LIFE TENANT—RENTS AND IMPROVEMENTS.—Where husband and wife, together with children of the wife by a former marriage, lived upon a tract of land, one-half of which was owned by the wife and the other half by the children, subject to their mother's right of dower, and the husband, being tenant by the curtesy of the one-half of the land owned by the wife, continued to live upon the land after her death, he is not entitled, in this action by the children for a division of the land and for rents, to compensation for ordinary improvements put upon the land during the life of the wife, the improvements being necessary for the comfort and convenience of the family, and, therefore, such as the life tenant ought to have made. Nor is he entitled to compensation for the support of the children, as their part of the estate contributed to the support of all. And the children, having left the land after the second marriage of their step-father, are entitled to reasonable rent for one-half the land from the time they left.

W. P. D. BUSH, G. W. JOLLY FOR APPELLANT.

The court erred in adjudging that appellant was not entitled to be allowed any thing for the improvements made by him on the fifty acres of land after his marriage with Mrs. Rafferty.

STUART & ATCHISON.

No brief in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

D. J. Burns conveyed to his daughter, Palestine Rafferty, and to her husband, Merrit Rafferty, fifty acres of land in the county of Daveiss. The husband, Rafferty, died in the year 1873, leaving his widow and three children surviving him; and his widow afterwards intermarried with the appellant, Wm. J. Spring-

field.  After this marriage Springfield and his wife, with the children by Rafferty, lived on the small farm for about five years, supporting, clothing and edu cating the children in the neighborhood schools, and caring for them as parents should.  It does not appear that the appellant was a man of any means, but it is. apparent that the fifty acres was a comfortable home for all the family, and that the appellant was as much the beneficiary as the children.  The testimony shows, however, that he was kind and attentive to the wants of the step-children, and improved rather than wasted their small estate.

In the year 1880 the mother of these children died, leaving her husband and her children in possession of the land.  She left also at her death one child by the appellant.  In 1881 the appellant again married, and the children by Rafferty, becoming dissatisfied with their step-mother, left their home, and went to live with their relations.  In 1883 B. F. Bethel, having qualified as the guardian for these children, brought this action for a division of the land and the rents. The appellant filed his answer, in which he claimed one hundred dollars per annum for the support of the children, including their school bills; for improvements made on the land; had the case referred to a commissioner, who reported the sum of fifteen hundred and fifty dollars for supporting the children, two hundred dollars for improvements, and a small sum for taxes; allowed the infants for rent seven hundred and fifty dollars, and deducting the one from the other, made the infants owe the appellant one thousand and twenty-six dollars and thirty-five cents,

which was more than the entire land was worth. The chancellor, on exceptions filed, disregarded the claim of the appellant, and allowed the infants a reasonable rent for their land from the time they left their home.

We perceive no objection to this judgment. The improvements made were such as added to the convenience and comfort of the life tenant, and he ought not, in law or equity, to be reimbursed for that expenditure. His wife owned one-half of the land in her own right, and was entitled to dower in the other half. He weather-boarded the log house, dug a small pond or two, patched up the stable and shed, and is now enjoying the benefits of the expenditure, being on the place, and holding, as tenant by the curtesy, that part of it owned by the wife. The improvements were not of an extraordinary character, but such as a life tenant ought to have made, and to charge these infant children for their board and clothing under the circumstances can not be sustained on any principle of law or equity. Their part of the little farm contributed to the support of all. They lived as one family, with but little to live on, and the land of the one upon which stood the cabin that sheltered all was equal in value to the expenditure made for the children. The claim of the appellant was properly disallowed, and the rent with which he is charged since the children left him being reasonable, the judgment will not be disturbed.

Nor was it proper to allow in the division any thing for the improvements, so as to give one more in value than the other.

Judgment affirmed.